**Opinion filed July 10, 2025**



## In The

# Eleventh Court of Appeals

_____

## No. 11-24-00126-CV

_____

## MARJORIE WASHINGTON, Appellant

## V.

## JOE'S PIT STOP AND JOSEPH W. KING, JR., Appellees

**On Appeal from the County Court at Law No. 3**
**Tarrant County, Texas**
**Trial Court Cause No. 2023-007681-3**

## M E M O R A N D U M   O P I N I O N

This is an appeal from the trial court's final judgment in favor of Appellees after the trial court's de novo review of a justice court proceeding.[1]   In the proceedings below, Appellant alleged that (1) Appellees did not repair her vehicle

---

[1]Pursuant to Misc. Docket Order No. 24-9013 issued by the Texas Supreme Court on March 21, 2024, this appeal was transferred to us from the Second Court of Appeals.  Therefore, as the transferee court, we must decide the issues raised in this appeal in accordance with the precedent of the Second Court of Appeals if its precedent conflicts with ours.  *See* TEX. R. APP. P. 41.3.

as promised, (2) her vehicle was permanently damaged as result of Appellees' alleged repairs, and (3) Appellees in turn overcharged her for the repairs that they did perform. As best that we can discern, Appellant on appeal purportedly challenges the trial court's findings, complaining that it erred when it granted judgment in Appellees' favor.

As she did in the proceedings below, Appellant appears pro se on appeal. Therefore, we construe her brief liberally. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978); *Aaron v. Fisher*, 645 S.W.3d 299, 312 (Tex. App.—Eastland 2022, no pet.). Despite this, Appellant, in proceeding in such a capacity, is nonetheless held to the same standards as licensed attorneys and is required to comply with all applicable laws and rules of procedure. *Mansfield State Bank*, 573 S.W.2d at 184–85 (recognizing that acting pro se is not a license of noncompliance to the relevant rules of procedural and substantive law); *Barrientos v. Barrientos*, 675 S.W.3d 399, 404 n.2 (Tex. App.—Eastland 2023, pet. denied) ("[W]e hold pro se litigants to the same standards as licensed attorneys and require them to be familiar with and comply with all applicable laws and rules of procedure."); *Aaron*, 645 S.W.3d at 312.

Irrespective of Appellant's pro se status, the Texas Rules of Appellate Procedure require that an appellant's brief "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i); *see Barrientos*, 675 S.W.3d at 412–13; *Dipprey v. Double Diamond, Inc.*, 637 S.W.3d 784, 814–15 (Tex. App.—Eastland 2021, no pet.). Here, Appellant's brief, which consists of a conclusory handwritten letter, is deficient and contains none of the requirements mandated by Rule 38.1(i). In fact, her letter brief, is devoid of any citations to the record or to any legal authority that could conceivably develop or support her arguments on appeal. To the contrary, and without any references to the record, Appellant's letter brief only contains a

conclusory "summary" of the complaints that she allegedly raised in the trial court, without sufficiently identifying any legal theory upon which she relied there or now relies on appeal, and certain exhibits that she offered at trial.

We are not required to search the record to identify the alleged errors of which Appellant complains. *See Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 283 (Tex. 1994). In this case, Appellant's letter brief fails to: (1) cite to the record; (2) cite any applicable legal authority; or (3) provide any substantive analysis of the complaints, which she attempts to advance on appeal. Because Appellant's letter brief is deficient, inadequate, and fails to comply with the requirements of Rule 38.1(i), Appellant has forfeited her purported complaints on appeal. As such, she presents nothing for our review.[2] *See Horne v. Atmos Energy Corp.*, No. 11-22-00325-CV, 2024 WL 4795278, at *2–3 (Tex. App.—Eastland Nov. 15, 2024, no pet.) (mem. op.); *Dipprey*, 637 S.W.3d at 814–15; *Matter of Estate of Ethridge*, 594 S.W.3d 611, 617 (Tex. App.—Eastland 2019, no pet.) (overruling the issue raised because "[a]ppellant failed to appropriately cite to . . . the record" in support of the issue and argument); *Lowry v. Tarbox*, 537 S.W.3d 599, 620 (Tex. App.—San Antonio 2017, pet. denied) ("[F]ailure to offer argument, provide appropriate record citations, or a substantive analysis" forfeits an appellate issue.).

---

[2]We note that the Texas Supreme Court issued its opinion in *Borusan Mannesmann Pipe US, Inc. v. Hunting Energy Svcs., LLC* while this appeal was pending before us. No. 24-0183, 2025 WL 1774173 (Tex. June 27, 2025). In *Borusan*, the supreme court held that the appellant did not forfeit its issue on appeal, even though the appellant's brief did not contain any case or statutory citations to support its arguments, because the appellant "adequately briefed" the issue when it specifically supported its arguments with pertinent facts, such as that the "terms and conditions [of the parties agreement] stated that they were the only terms between the parties, meaning that the terms in [the appellee's] invoices never formed part of the agreement in the first place." *Id.* at *2–3. The appellant additionally "provided ample record citations, which included documents, testimony, and the trial court's findings of fact and conclusions of law" and "presented roughly five pages of argument on the issue." *Id.* at *3. In contrast, Appellant's letter brief in this case broadly states (1) that "[t]he Judge made a bad mistake," (2) the underlying facts regarding the parties' dispute, and (3) that she has "proof if you need it." Thus, because there is no discernable argument that we can find for which we could determine the merits of Appellant's appeal, Appellant's letter brief does not satisfy the criteria set forth in *Borusan*.

Accordingly, we affirm the judgment of the trial court.


W. STACY TROTTER

JUSTICE


July 10, 2025

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.